United States District Court
Southern District of Texas
**ENTERED**
May 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL DONALD LEE SANDERS, a/k/a MICHAEL PAUL YOUNT, a/k/a CHRISTOPHER KATZ, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-0619 |
| DARREN RAY, *ET AL.*, | § § § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Michael Donald Lee Sanders, a/k/a Michael Paul Yount, a/k/a Christopher Katz, a state inmate proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 against Darren Ray,[1] the law firm of Duckworth & Ray, L.L.P., Dylan Blackwell, Artemis Investments, and Grimes County Clerk Vanessa Burzynski.

Having considered the complaint, matters of public record, and the applicable law, the Court DISMISSES this lawsuit for the reasons shown below.

### *Background and Claims*

In support of his complaint, plaintiff alleges that, in 2021, he inherited a parcel of property at 7114 Millstone in Grimes County, Navasota, Texas. He claims that Darren Ray, a founding partner of the law firm Duckworth & Ray, L.L.P., along with Dylan Blackwell, an associate lawyer at the law firm, and Artemis Investments, a business operated by Darren

---

[1] The Court believes plaintiff is referring to Darin Ray, an attorney in Conroe, Texas.

Ray, deceptively and fraudulently caused him to transfer title to the property to Artemis Investments. Plaintiff pleads no factual allegations raising a claim against Grimes County Clerk Vanessa Burzynski, but asks that she "bring to a halt" any further transfers of title to the property.

As judicial relief, plaintiff seeks reinstatement of his title to the property. Construed liberally, plaintiff's lawsuit seeks cancellation of the deed transferring the property from him to Artemis Investments.

### *Analysis*

Because plaintiff is a prisoner proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "[T]here can be no § 1983 liability unless the plaintiff has "suffered a constitutional violation . . . at the hands of . . . a state actor." *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 867 (5th Cir. 2012) (en banc). That is, a plaintiff must show that the named defendants are state actors.

Plaintiff names as a defendant Grimes County Clerk Vanessa Burzynski. However, he pleads no factual allegations showing that she violated his constitutional or federal statutory rights. Because plaintiff raises no viable claim for relief against her, Grimes County Clerk Vanessa Burzynski is DISMISSED WITHOUT PREJUDICE as a defendant in this lawsuit.

Plaintiff fares no better in naming Darren Ray, the law firm of Duckworth & Ray, L.L.P., Dylan Blackwell, and Artemis Investments as defendants. Private citizens (or entities) such as these individuals do not act under color of state law. *See Blum v. Yaretsky*, 457 U.S. 991, 1001 (1982). Plaintiff pleads no factual allegations showing that the individual defendants were state actors, and no viable section 1983 claim is raised against them. Plaintiff's claims against Darren Ray, the law firm of Duckworth & Ray, L.L.P., Dylan Blackwell, and Artemis Investments are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted under section 1983.

*Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B) for failure to raise a viable claim for relief under section 1983. Any and all pending motions are DISMISSED AS MOOT.

This dismissal constitutes a "strike" for purposes of section 1915(g).

Signed at Houston, Texas, on May 18, 2022.

_____
Gray H. Miller
Senior United States District Judge